**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DERECK E. CHAPPELL,

      Plaintiff-Appellant,

v.

DAVID R. McKUNE, Warden of
Lansing Correctional Facility; JOHN
C. CALLISON, Former Deputy
Warden of Programs and Operations of
L.C.F.; R. A. STUPAR, Deputy
Warden of Programs and Operations of
L.C.F.; ROGER BONNER, CSI of
Intelligence and Investigation Unit of
L.C.F.; MICHAEL A. NELSON,
Warden of El Dorado Correctional
Facility,

      Defendants-Appellees.

No. 96-3359
(D.C. No. 95-CV-3467)
(District of Kansas)

---

ORDER AND JUDGMENT[*]

---

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dereck Chappell filed suit against Kansas state prison officials under 42 U.S.C. § 1983. He alleged that his right to due process was violated when he was placed in administrative segregation for an extended term without a hearing and when his visitation privileges were suspended for a year. (R. 2.) The district court sua sponte dismissed his complaint for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 12(b)(6).

We review de novo the dismissal of a complaint for failure to state a claim. See Riddle v. Mondragon, 83 F.3d 1197, 1201 (10th Cir. 1996); see also McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) (discussing standards of review under 28 U.S.C. § 1915A). Dismissal of a pro se complaint is proper only where it is obvious that plaintiff cannot prevail on the facts he has alleged and it would be futile to allow him an opportunity to amend. See Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997). Further, we liberally construe a pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Because we believe that the district court erred in dismissing this complaint for failure to state a claim, we reverse and remand for further proceedings.

A. Administrative Segregation

Chappell alleges that officials at Lansing Correctional Facility placed him in administrative segregation without a hearing and that he has remained there on "Other Security Risk" status for well over two years. (R. 2 at 4-5; Aplnt's Br. at

2, 5.) Chappell argues that imposing this extended term of administrative segregation without a hearing violates his right to due process.

The district court correctly determined that Sandin v. Conner, 515 U.S. 472 (1995), controls Chappell's due process claim. In Sandin, the Supreme Court held that a state's creation of a liberty interest "will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (internal citations omitted). Courts have held or assumed that extended terms of segregation may constitute an "atypical and significant hardship" depending on the conditions of confinement. See Bryan v. Duckworth, 88 F.3d 431, 433 (7th Cir. 1996); Williams v. Fountain, 77 F.3d 372, 374 n.3 (11th Cir.), cert. denied, 117 S. Ct. 367 (1996).

In Clemmons v. Thomas, Nos. 94-3172 & 94-3173, 1996 WL 282304 (10th Cir. May 29, 1996) (unpublished order and judgment), we recognized that Sandin suggests that administrative segregation generally does not implicate a liberty interest. Id. at *4. We remanded for factfinding, however, because the record in Clemmons did not include the conditions of Clemmons's confinement and thus did not reveal whether Clemmons suffered an "atypical and significant hardship."

Id..  Other courts have also noted the fact-specific nature of the <u>Sandin</u> analysis. <u>See</u> <u>Beverati v. Smith</u>, 120 F.3d 500, 503 (4th Cir. 1997); <u>Frazier v. Coughlin</u>, 81 F.3d 313, 317 (2d Cir. 1996); <u>Whitford v. Boglino</u>, 63 F.3d 527, 533 (7th Cir. 1995) (per curiam).

The state argues on appeal that Chappell has not suffered an "atypical and significant hardship" because Kansas regulations provide that prisoners in administrative segregation are to be treated as nearly as possible like those in the general population.  However, the record does not indicate whether the conditions under which Chappell is incarcerated reflect those regulations.  <u>See</u> <u>Brooks v. DeFasi</u>, 112 F.3d 46, 49 (2d Cir. 1997).  Although <u>Clemmons</u> was an unpublished order and judgment without binding precedential force, we are persuaded by its reasoning that we must remand for factfinding.  None of our published decisions interpreting <u>Sandin</u> suggest that we should hold to the contrary.  In <u>Penrod v. Zavaras</u>, 94 F.3d 1399, 1406-07 (10th Cir. 1996), for example, the record was sufficiently developed to allow this court to evaluate the plaintiff's conditions of confinement.  In <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412 (10th Cir. 1996), the plaintiff was given a hearing before being placed in administrative segregation.

Consequently, we reverse the district court's dismissal of Chappell's claim and remand to allow the district court to determine the conditions of Chappell's confinement.  The court should determine whether those conditions constitute an

- 4 -

"atypical and significant hardship" sufficient to confer upon Chappell a liberty interest, especially given the extended period Chappell has been placed in administrative segregation.

Further, we note that Chappell's complaint raises additional allegations that the district court did not previously resolve, including claims that his placement in segregation was retaliatory in nature and that he suffered equal protection violations. (R. 2 at 4-5, 10.) On remand the district court should address these issues as well.

## B. Visitation Privileges

Chappell also alleges that he was unconstitutionally deprived of all visitation privileges for a period of a year after he was caught with contraband (fourteen bags of "leafy green vegetation" (R. 23 at 1)) following a visit. The district court held that the restriction of plaintiff's visitation rights was consistent with the prison's regulations and was a reasonable response to Chappell's abuse of visitation. (R. 23 at 3.) It dismissed the claim sua sponte. (R. 23 at 3.)

"[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Assuming that Chappell has a constitutional right to visitation of some degree, we are convinced that the suspension at issue here was reasonably related to the prison's legitimate interests

in preventing prisoners and their visitors from introducing contraband into the prison. Consequently, the district court's decision to dismiss this claim is affirmed.

AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.


The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge