**Joshua LINER, Plaintiff–Appellant,**

v.

**Glenn GOORD; Walter Kelly; Gilmore, Sgt.; John Doe # 1; John Doe # 2, Defendants–Appellees.**

No. 98–2925.

United States Court of Appeals, Second Circuit.

Submitted June 10, 1999.

Decided Sept. 22, 1999.

Joshua Liner, Auburn, New York, pro se.

Before: WINTER, Chief Judge, SACK, Circuit Judge, and SPRIZZO, District Judge.*

WINTER, Chief Judge:

Joshua Liner appeals from Judge Telesca's *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(e) and for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). For the reasons set forth below, we affirm in part, reverse in part, and remand.

## BACKGROUND

Appellant filed a *pro se* complaint in the Western District alleging various violations of his constitutional rights by prison officials when he was incarcerated at the Attica Correctional Facility ("Attica").

Specifically, appellant alleges that on May 13, 1998, while he was being frisked, Sergeant Gilmore and two unnamed corrections officers ("Does 1 & 2") repeatedly slammed appellant's head into a cabinet, struck his face, and taunted him with racial slurs. He claims that he was denied

medical treatment following the incident. Also with respect to Gilmore and Does 1 & 2, appellant alleges that they: (i) conspired to give false testimony against him in a disciplinary hearing; (ii) falsely accused him of possessing a weapon; (iii) took his personal belongings without returning them to him; and (iv) sexually assaulted him on three separate occasions in February and May 1998—conduct appellant contends is condoned by Glenn Goord, Commissioner of the Department of Correctional Service, and Walter Kelly, Attica's Superintendent.

Appellant also contends that Attica prison officials denied him meals, showers, and access to the law library as well as stole and destroyed legal materials in retaliation for filing lawsuits against them. Although he concedes in his complaint that he did not "present the facts relating to [the] complaint under the prisoner grievance procedure," appellant contends that he complained about these conditions to both Goord and Kelly but that they ignored his complaints. Moreover, Kelly is alleged to have enhanced a disciplinary punishment of keeplock to confinement in the Special Housing Unit in retaliation for appellant's complaint and prior lawsuits.

Construing the factual allegations in the complaint broadly, the district court concluded that the complaint asserted the following causes of action: (i) retaliation as to all defendants; (ii) violation of equal protection as to all defendants; (iii) assault, verbal abuse, false testimony, and conspiracy as to Gilmore and Does 1 & 2; and (iv) denial of access to law library, denial of meals and showers, enhancement of disciplinary punishment, and emotional distress caused by the alleged sexual assaults as to Goord and Kelly.

The district court dismissed with prejudice appellant's retaliation, equal protection, verbal abuse, false testimony, conspiracy, access to law library, and en-

---

* The Hon. John E. Sprizzo, of the United States District Court for the Southern District of   New York, sitting by designation.

hancement of disciplinary punishment claims for failure to state a claim pursuant to 28 U.S.C. § 1915A. It dismissed without prejudice the assault and denial of meals and showers claims for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Finally, the district court dismissed without prejudice appellant's emotional distress claim with respect to the alleged sexual assaults for failure to allege a prior showing of physical injury pursuant to 42 U.S.C. § 1997e(e). The district court did not separately address whether the sexual assault allegations stated a claim under the Eighth Amendment.

## DISCUSSION

Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, among other things, the complaint is "frivolous, malicious, or fails to states a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1). Prior to the enactment of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996), dismissals of claims under 28 U.S.C. § 1915 were discretionary and reviewed for abuse of discretion. *See Polanco v. United States Drug Enforcement Admin.*, 158 F.3d 647, 650 (2d Cir.1998). The PLRA amended § 1915, however, expanding the grounds for dismissal as well as making dismissals mandatory.[1] *See* 28 U.S.C. § 1915(e)(2); *see also* 42 U.S.C. § 1997e(c)(2).

■ We have not yet decided what standard of review applies to an appeal of a dismissal pursuant to Section 1915A or 42 U.S.C. § 1997e(c)(2). At least four circuits, however, have determined that these PLRA dismissals are subject to *de novo*

review. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir.1996); *see also Chappell v. McKune*, 132 F.3d 42, 1997 WL 787184, at *1 (10th Cir.1997) (unpublished opinion). We agree with those circuits and hold that 28 U.S.C. § 1915A and 42 U.S.C. § 1999e(c)(2) dismissals are subject to *de novo* review.

In addition to the PLRA's provisions concerning *sua sponte* dismissals for failure to state a claim upon which relief can be granted, the PLRA restricts an inmate's right to file suit in federal court prior to exhausting administrative remedies and, with respect to emotional distress claims, without a prior showing of physical injury. *See* 42 U.S.C. §§ 1997e(a) & (e). As amended by the PLRA, section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner … for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

With these standards in mind, we address appellant's claims in turn.

(a) *Claims Dismissed under § 1915A*

The district court dismissed appellant's retaliation, equal protection, verbal abuse, false testimony, conspiracy, access to law library, and enhancement of disciplinary punishment claims for failure to state a claim upon which relief can be granted. We affirm the dismissal of these claims for

1. The PLRA amended "a variety of statutory provisions governing federal court litigation by prisoners." *Jenkins v. Haubert,* 179 F.3d 19, 23 (2d Cir.1999). In addition to dismissals under 28 U.S.C. § 1915A, for example, "the PLRA authorizes a court to dismiss a

prisoner's action regarding prison conditions … if the claim on its face clearly fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune from suit." *Id.* (citing 42 U.S.C. § 1997e(c)(2)).

substantially the reasons stated by the district court. *See Liner v. Goord,* No. 98–CV–6343L, slip op. at 7–19 (W.D.N.Y. Oct. 13, 1998).

(b) *Claims Dismissed Under § 1997e(a)*

■ The district court dismissed without prejudice appellant's Eighth Amendment excessive force claim and his claim concerning the alleged denial of meals and showers for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

The law concerning the PLRA's exhaustion requirement is in great flux. Several circuits, as well as district courts in this circuit, are split on the following issues, both of which are implicated here: whether cases alleging the use of excessive force are actions "with respect to prison conditions" as that phrase is used in 42 U.S.C. § 1997e(a); and whether the administrative exhaustion requirement is inapplicable where the relief requested—*i.e.,* strictly monetary damages—is not "available" through the administrative process. *See Rumbles v. Hill,* 182 F.3d 1064, 1066–70 (9th Cir.1999) (outlining issue concerning available remedy; discussing split among the circuits on issue, citing conflicting cases; and holding that inmate was not required to exhaust administrative remedies where remedy sought was not available in prison's administrative remedy program); *Perez v. Wisconsin Dep't of Corrections,* 182 F.3d 532, 533–538 (7th Cir.1999) (citing and discussing conflicting cases, court holds that neither assertion that exhaustion would be futile nor alleged unavailability of administrative remedy negated exhaustion requirement); *Carter v. Kiernan,* No. 98 Civ. 2664, 1999 WL 14014, at *2–*5 (S.D.N.Y. Jan. 14, 1999) (holding that Eighth Amendment excessive force claims are not subject to PLRA exhaustion requirement); *Beeson v. Fishkill Correctional Facility,* 28 F.Supp.2d 884, 887–96 (S.D.N.Y.1998) (holding that Eighth Amendment excessive force claims

as well as claims seeking only monetary relief are subject to exhaustion requirement); *Baskerville v. Goord,* No. 97 Civ. 6413, 1998 WL 778396, at *2–*5 (S.D.N.Y. Nov. 5, 1998) (holding that exhaustion requirement does not apply to Eighth Amendment excessive force claims).

Considering the split in authority and the fact that the district court *sua sponte* dismissed these claims before the defendants were served or had answered, we reverse the district court's dismissal of these claims and remand for service. We decline to resolve the complex legal issues presented here without the benefit of a more complete record, including an answer from the defendants.

(c) *Claim Dismissed Under § 1997e(e)*

■ Appellant contends that Commissioner Goord has a policy or practice that permits corrections officers to conduct intrusive body searches without "therapeutic supervision." The district court dismissed this claim, concluding that it was an emotional distress claim and appellant "alleged no prior showing of physical injury." *Liner,* No. 98–CV–6343L, slip op. at 19 (citing 42 U.S.C. § 1997e(e)). We disagree, for at least two reasons.

■ First, there is no statutory definition of "physical injury" as used in section 1997e(e). Nevertheless, accepting the allegations in the complaint, the alleged sexual assaults qualify as physical injuries as a matter of common sense. Certainly, the alleged sexual assaults would constitute more than *de minimis* injury if they occurred. *Cf. Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997) (relying on Eighth Amendment jurisprudence, court holds that physical injury required by § 1997e(e) must simply be more than *de minimis* ). Second, "allegations of sexual abuse may ... stat[e] an Eighth Amendment claim under Section 1983." *Boddie v. Schnieder,* 105 F.3d 857, 861 (2d Cir.1997). The district court failed to consider whether appellant's allegations concerning the alleged

sexual assaults might state a claim under the Eighth Amendment in addition to stating a claim for emotional distress.

Accordingly, *sua sponte* dismissal of the claim concerning the alleged sexual assaults was improper.

We therefore affirm in part, reverse in part, and remand. On remand, appellant may pursue only his Eighth Amendment claim with respect to the alleged assault on May 13, 1998 and any Eighth Amendment or emotional distress claim concerning the three alleged sexual assaults in February and May 1998. The dismissal of appellant's remaining claims with prejudice is affirmed.