**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DERECK E. CHAPPELL,

      Plaintiff-Appellant,

v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility; JOHN
C. CALLISON, Former Deputy
Warden of programs and operations of
L.C.F.; R. A. STUPAR, Deputy
Warden of programs and operations of
L.C.F.; ROGER BONNER, CSI of
intelligence and investigation unit of
L.C.F.; MICHAEL A. NELSON,
Warden, El Dorado Correctional
Facility,

      Defendant-Appellee.

No. 99-3171
(District of Kansas)
(D.C. No. 95-3467-GTV)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Dereck E. Chappell, proceeding *pro se*, appeals the district court's denial of his Motion to Appoint Counsel and grant of the defendants' Motion for Summary Judgment. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

Chappell filed a 42 U.S.C. § 1983 civil rights suit against various Kansas state prison officials, alleging that his right to due process was violated when he was placed in administrative segregation for an extended term without a hearing and when his visitation rights were suspended for one year. The district court dismissed the complaint *sua sponte* on grounds that it failed to state a claim upon which relief could be granted. On appeal, this court affirmed the dismissal of Chappell's claims relating to the denial of visitation rights but reversed as to the claims relating to administrative segregation. *See Chappell v. McKune*, No. 96-3359, 1997 WL 787184, *1, *2 (10th Cir. Dec. 24, 1997) (unpublished disposition). As to the claims relating to administrative segregation, this court concluded that the record before the district court was not sufficiently developed to determine whether Chappell's lengthy stay in administrative segregation

constituted an "atypical and significant hardship" sufficient to confer on him a liberty interest. *Id.* at *2. Accordingly, this court remanded to the district court for further proceedings.

On remand, the district court granted summary judgment to the defendants. The district court concluded that Chappell's due process claim failed because Chappell had "failed to offer any evidence that the conditions of confinement in administrative segregation were significantly different from ordinary prison conditions." The district court also rejected Chappell's claim that the defendants violated the Equal Protection Clause when they prosecuted him for trafficking money in prison, while refusing to prosecute a similarly situated white prisoner. According to the district court, "The uncontroverted evidence indicates that defendants referred both cases to the [prosecutor] and that subsequently the [prosecutor] only chose to prosecute [Chappell]. [Chappell] has failed to offer any evidence that defendants were involved in the decision to prosecute, or that defendants treated the two inmates differently."

This court reviews the grant of summary judgment *de novo*, using the same standard as the district court. *See Osgood v. State Farm Mut. Auto. Ins. Co.*, 848 F.2d 141, 143 (10th Cir. 1988). With that standard in mind, this court has undertaken a close review of the parties' briefs and contentions, the district court's order, and the entire record on appeal. That close review reveals no

-3-

reversible error. Accordingly, this court affirms the district court's grant of summary judgment in favor of the defendants for substantially those reasons set out in the district court's order dated May 26, 1999. Furthermore, because the procedural history of this case demonstrates that Chappell was able to present his case sufficiently to both the district court and this court, the district court did not abuse its discretion in denying Chappell's request for appointment of counsel. *See Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991) (holding that the decision whether to appoint counsel is within district court's sound discretion).

The judgment of the United States District Court for the District of Kansas is hereby **AFFIRMED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge