**John P. ROYSTER, Sr., Plaintiff,**

v.

**UNITED STATES of America, the Supreme Court of New York State, the New York District Attorney's Office, the Metropolitan Correctional Facility; Lieutenant Lopez of MCC, C.O. Bailey of GH, C.O. Bickford GH, C.O. Demarris of GH, C.O. K. Torres, Sgt. Overby of GH, and Daniel Gotlin an 18b Attorney, Defendants.**

### No. 98 CIV. 4109 JSR.

United States District Court,
S.D. New York.

March 30, 2000.

priate application to have that juror stricken

John P. Royster, Sr., pro se.

Rachel D. Godsil, U.S. Attorney's Office, New York City, for defendants.

### MEMORANDUM ORDER

RAKOFF, District Judge.

On June 11, 1998, then-Chief Judge Griesa, to whom the case was previously assigned, dismissed the complaint with leave to plaintiff to re-plead only the claim that officials of the Metropolitan Correctional Center ("MCC") intentionally delayed plaintiff's access to certain legal materials during the course of his then-

for cause will be entertained.

pending civil suit against the New York Department of Corrections. *See* Order dated June 11, 1998. Following re-pleading, Magistrate Judge Ellis, on November 24, 1999, filed a Report and Recommendation (the "Report") recommending that the Court dismiss the complaint on the ground that plaintiff had failed to allege any personal involvement by defendant Michael Lopez, who, according to the Report, was the only defendant Judge Griesa's June 11 Order permitted plaintiff to name in his re-pleaded complaint.

This Court, having now reviewed *de novo* the parties' timely objections to the Report,[1] concludes that the claims against defendant Lopez should be dismissed for the reasons stated in the Report (which to this extent the Court adopts by reference) but that the Report erred in interpreting Judge Griesa's Order to preclude the naming of other defendants. Specifically, the Court does not read Judge Griesa's June 11 Order as precluding plaintiff, in his re-pleaded complaint, from naming defendants other than Lopez if they are alleged to be directly involved in the assertedly unlawful seizure of plaintiff's legal materials at the MCC. Accordingly, plaintiff's motion dated January 21, 1999 to amend the re-pleaded complaint to add other defendants besides Lopez who were allegedly involved in such seizure—a motion not directly addressed in the Report but implicitly denied—must instead be granted.

Given the putative addition of these other defendants, it becomes necessary for this Court to consider the other prong of defendant Lopez's motion to dismiss—*i.e.*, the claim that plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997e(a)—since that contention, if valid, would automatically mandate dismissal as to the putatively-added defendants as well. The PLRA provides, in relevant part, that "No action shall be

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Judge Ellis, however, determined that plaintiff's claim was not subject to the PLRA's exhaustion requirement because, first, it did not involve an action "with respect to prison conditions" and, second, there was no "available" administrative remedy. The Court disagrees with both points.

As to the first point, Judge Ellis chiefly relied on those cases that have held that the "action[s] ... with respect to prison conditions" to which the PLRA's exhaustion requirement pertains do not include claims of excessive force involving no prison policy. *See, e.g., Carter v. Kiernan,* No. 98 Civ. 2664(JGK), 1999 WL 14014, at *5 (S.D.N.Y. Jan.14, 1999) (PLRA's exhaustion requirement does not apply to claims of excessive force); *Wright v. Dee,* 54 F.Supp.2d 199, 205–06 (S.D.N.Y.1999) (same). This view is far from uniformly held, *see, e.g., Beeson v. Fishkill Correctional Facility,* 28 F.Supp.2d 884, 888 (S.D.N.Y.1998) (PLRA's exhaustion requirement applies even to such claims); *Diezcabeza v. Lynch,* 75 F.Supp.2d 250, 255 (S.D.N.Y.1999) (same), and the Second Circuit has not yet directly addressed the issue, *see Liner v. Goord,* 196 F.3d 132, 135 (2nd Cir.1999) ("The law concerning the PLRA's exhaustion requirement is in great flux."). But the controversy is here irrelevant because, in contradistinction to the public policy and constitutional considerations implicit in any exception for claims of excessive force, the mere fact that the alleged seizure of plaintiff's legal materials was an isolated, unlawful incident does not preclude application of the PLRA's exhaustion requirement.

1. Plaintiff's claim that defendant's objections to the Report were untimely, *see* Pl.'s Letter dated December 16, 1999, is without merit.

*See* 28 U.S.C. § 636(b)(1)(C); Rule 72, Fed. R.Civ.P.; *see also* Rule 6, Fed.R.Civ.P.

In enacting the PLRA, Congress sought both to reduce the increasing number of frivolous prisoner lawsuits and to end alleged judicial micromanagement of prisons. *See, e.g., Beeson*, 28 F.Supp.2d at 891 (citing legislative history). The PLRA's exhaustion requirement seeks to implement these goals by giving prison officials and administrators the initial opportunity to evaluate challenges to how a prisoner is being treated and to correct mistakes in this treatment prior to any judicial involvement in the particular controversy. It therefore does not matter whether the prisoner's challenge is to a systemic problem or to one that is individual, or, for that matter, to whether the alleged misconduct is pursuant to a prison policy or *ultra vires*. Thus, contrary to Judge Ellis's belief, plaintiff was still required to exhaust his administrative remedies regardless of whether the prison officials confiscated his legal materials pursuant to a particular prison policy or whether they took them without any apparent legal authority whatever.

As to the second point, Judge Ellis believed that plaintiff was not required to exhaust administrative remedies because the relief that plaintiff sought, *i.e.*, monetary damages, was not available through the administrative remedy scheme. While this argument might make sense in certain contexts, here, however, its effect would be to seriously jeopardize the aforementioned purposes of the PLRA. *See, e.g., Funches v. Reish*, No. 97 Civ. 7611(LBS), 1998 WL 695904, at *8 (S.D.N.Y. Oct.5, 1998); *see also Diezcabeza*, 75 F.Supp.2d at 252. "If an inmate may avoid administrative review procedures simply by limiting the complaint to a request for monetary damages, Congress's intent in creating a broad exhaustion requirement in § 1997e will be thwarted." *Funches*, 1998 WL 695904, at *9. By contrast, requiring that prisoners first seek review through administrative process even when their requested remedy is damages serves the beneficial purpose not only of administrative review of alleg-

edly unlawful conduct but also of creating an administrative record that may be useful to a court. *See Beeson*, 28 F.Supp.2d at 895. Indeed, the potential utility of such a record is well illustrated here, since the current record, as Judge Ellis recognized, provides the Court with virtually no information about the alleged seizure of plaintiff's legal materials.

Accordingly, for the foregoing reasons, the Court dismisses with prejudice plaintiff's claims against defendant Lopez, grants plaintiff's motion to add other defendants, and, having done so, dismisses without prejudice plaintiff's claims against these other defendants. Clerk to enter judgment.

SO ORDERED.