Derrick McKel JOHNSON, Ronald Fludd, Zane Dukes, Richard Randolph, Charles Sanders, Benjamin Franklin, Charles Fields, and Haashim Pierson, Plaintiffs–Appellants,

v.

Glenn S. GOORD, Commissioner of Department of Correction Services, Wayne Barkley, Superintendent, and Roy Susskind, Executive Director, Defendants–Appellees.

No. 99–0375.

United States Court of Appeals, Second Circuit.

May 30, 2000.

Derrick McKel Johnson, Watertown, NY, pro se.

Appearing for appellees.*

Present OAKES, MINER, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

*UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, Chief Judge),* it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Appeal from the district court's Sept. 20, 1999 *sua sponte* dismissal of prisoners' 42 U.S.C. § 1983 claim alleging cruel and unusual punishment in violation of the Eighth Amendment. Appellants, who seek monetary relief, claim that defendants negligently distributed and conspired to distribute "dangerous toothbrushes" to all New York State inmates without warnings or instructions. Appellants allege that the toothbrushes caused bleeding from their mouths and gums as well as psychological damage.

The district court dismissed appellants' claims on the ground that appellants failed to exhaust prison administrative remedies

---

* Prior to service of the Complaint upon defendants-appellees, the district court dismissed this action *sua sponte* in accordance with N.D.N.Y. Local Rule 5.4(a). In a December 29, 1999 letter to the Clerk of this Court, Deputy Solicitor General for the State of New York, Wayne M. Benjamin, informed the Court that defendants-appellees would not appear to defend this appeal.

as required by 42 U.S.C. § 1997e(a) (Supp. 2000). *See id.* ("No action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Appellants maintain that monetary relief cannot be obtained through prison grievance procedures,[2] and thus argue that the requirements of § 1997e(a) do not apply to them. This Court has not yet resolved the question whether § 1997e(a) applies when the relief requested is unavailable through administrative remedies. *See Liner v. Goord,* 196 F.3d 132, 135 (2d Cir.1999).

We need not resolve this issue because appellants' claims were anyhow frivolous and thus subject to dismissal under 42 U.S.C. § 1997e(c)(1) (Supp.2000). *See id.* (providing that district court shall dismiss *sua sponte* frivolous actions concerning prison conditions). Because appellants' allegations of negligence and conspiracy are wholly conclusory, we hold that dismissal of their complaint was entirely appropriate. *Cf. Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (observing that an action is frivolous "where it lacks an arguable basis in law or fact").

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

---

**2.** The district court made no findings of fact regarding the availability of monetary relief, and appellants have provided no evidence as to its availability.