**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WAYNE A. GARRETT,
Plaintiff-Appellant,

v.

RONALD ANGELONE, Director; RUFUS
FLEMING, Regional Director; D. A.
GARRAGHTY, Chief Warden, Virginia
Department of Corrections; J. D.
OATES, III, Medical Administrator,
Virginia Department of Corrections;
DONALD SWETTER, M.D., Medical
Director, Greensville Correctional

Center; GREENSVILLE CORRECTIONAL          No. 00-6475
CENTER; S. ROBINSON, Lieutenant,
Correctional Officer; DOCTOR SHAW;
DOCTOR BHULLER, M.D.,
Orthopedics; A. MILLNER, Nurse;
COMMONWEALTH OF VIRGINIA; ROBERT
G. O'HARA, JR., Judge, Circuit
Court of the County of Greensville;
ROBERT C. WRENN, Clerk, Circuit
Court of the County of Greensville,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-00-154-A)

Submitted: August 15, 2000

Decided: September 8, 2000

Before WIDENER, MOTZ, and KING, Circuit Judges.

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

_____

**COUNSEL**

Wayne A. Garrett, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wayne Anthony Garrett, a Virginia state prisoner, filed a complaint pursuant to 42 U.S.C.A. § 1983 (West Supp. 2000) alleging deliberate indifference to his serious medical needs while incarcerated at the Greensville Correctional Center. He further alleged that when he attempted to file a complaint in state court based upon the alleged deliberate indifference, he was denied access to the courts.

The district court dismissed the complaint pursuant to 28 U.S.C.A. § 1915A(b)(1) (West 2000) for failure to state a claim upon which relief may be granted. The court determined that the complaint contained the same allegations as were set forth in a prior complaint in Garrett v. Angelone, No. CA-99-1734-AM, that was dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The court determined that principles of res judicata and collateral estoppel applied. As to the allegation concerning lack of access to the state courts, the court determined that Garrett suffered no prejudice because he was able to bring his claim in federal court "where it has been determined that his claim for deliberate indifference to his serious medical needs is without merit." For those reasons, the court dismissed Garrett's complaint. Garrett filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), and the motion was denied.

2

Dismissals under § 1915A are reviewed de novo. See Liner v. Goord, 196 F.3d 132, 134 (2d Cir. 1999). A district court's ruling on a Rule 59(e) motion is reviewed for abuse of discretion. See Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998), cert. denied, 525 U.S. 1104 (1999).

Garrett's notice of appeal referenced only the district court's February 25, 2000 order denying Garrett's Rule 59(e) motion. We need not determine whether Garrett's notice of appeal impliedly appeals the court's final order of February 14, 2000, see C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir. 1981), because even assuming we have jurisdiction to review only the order denying the Rule 59 motion, we find the district court abused its discretion in denying that motion.

The two complaints filed by Garrett address different allegations against different defendants at different correctional institutions. Consequently, the instant complaint is not barred by res judicata or collateral estoppel. For that reason, we vacate the district court's orders and remand Garrett's deliberate indifference claim to the district court for consideration on the merits. Garrett's claim as to lack of access to the state courts was dismissed on the basis that Garrett suffered no prejudice because the claims he wished to raise in state court were considered in federal court and determined to be meritless. Because the claims have not yet been considered on the merits, we also vacate the court's orders as to the lack of access claim and remand for further consideration.

For the following reasons, however, we affirm the court's orders in part on modified grounds. Garrett lists as defendants: Ronald Angelone, the Commonwealth of Virginia, Judge Robert O'Hara, Jr., and the Greensville Correctional Center. Garrett alleges no specific acts of wrongdoing on the part of Ronald Angelone and appears to proceed on a theory of respondeat superior, which is not applicable in § 1983 actions. See Vinnedge v. Gibbs , 550 F.2d 926, 928-29 (4th Cir. 1977). The Commonwealth of Virginia is entitled to Eleventh Amendment immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). Judge O'Hara is also immune from suit because judges are absolutely immune from a claim for damages arising out of their judicial actions. See Stump v. Sparkman, 435 U.S.

3

349, 355-56 (1978). Finally, the Greensville Correctional Center is not a "person" and is therefore not amenable to suit under § 1983. <u>See Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 70 (1989). We affirm the district court's orders denying relief on Garrett's complaint as to Ronald Angelone, the Commonwealth of Virginia, Judge Robert O'Hara, Jr., and the Greensville Correctional Center for the reasons noted above.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>

4