Willie J. YELDON, Plaintiff–Appellant,

v.

E.D. EKPE, Superintendent; T. Roberts, Deputy of Security; W. McClear, Sergeant; K. Monnet, Inmate Grievance Coordinator; M. Lalonde, Chaplain; Rebecca Fiacca, Supt. of Administration, Defendants–Appellees.

No. 05–0723–PR.

United States Court of Appeals, Second Circuit.

Dec. 16, 2005.

Willie J. Yeldon, Attica, New York, for the Appellant, pro se.

Andrea Oser, Victor Paladino, Office of New York State Attorney General, Albany, New York, for the Appellees.

PRESENT: Hon. WILFRED FEINBERG, Hon. BARRINGTON D. PARKER, and Hon. RICHARD D. CUDAHY,* Circuit Judges.

### SUMMARY ORDER

Willie J. Yeldon, *pro se*, appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), granting the State's motion to dismiss his 42 U.S.C. § 1983 complaint. We assume familiarity with the facts, the procedural history, and the specific issues on appeal.

█ This Court reviews *de novo* a district court's decision to dismiss a complaint for failure to state a claim, taking all factual allegations in the complaint as true and construing all reasonable inferences in favor of the plaintiff. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir.2000). The Prisoner Litigation Reform Act ("PLRA") states in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

---

* The Honorable Richard D. Cudahy, of the United States Court of Appeals for the Sev- enth Circuit, sitting by designation.

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), the Supreme Court held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532, 122 S.Ct. 983.

In the present case, the district court properly determined that Yeldon failed to exhaust his administrative remedies. Although he alleged that he had "dropped" a grievance with Inmate Grievance Coordinator Monnet, Monnet does not have record of any written grievance, and the Department of Correctional Services computer system does not have any record of an appeal having been filed. Yeldon admits that he did not file an appeal, but claims that he was waiting for a written response to his grievance, and that Sergeant McClear told him that any appeal would be futile.

This allegation of futility does not satisfy the exhaustion requirement because it does not render the grievance system "unavailable" to Yeldon. *See Hemphill v. New York,* 380 F.3d 680, 686 (2d Cir.2004) (the exhaustion requirement may be satisfied if: (1) administrative remedies were not, in fact, "available" to the prisoner; and (2) the defendants should be estopped from raising non-exhaustion as an affirmative defense; or (3) there were special circumstances which justified the failure to administratively exhaust the claim). Although Yeldon may have been told that it would be futile to appeal a grievance, he has not alleged that the administrative remedies were unavailable to him, nor does it appear that this was the case. Yeldon also has not alleged any special circumstances justifying his failure to exhaust.

█ Furthermore, even if his grievance efforts were deemed sufficient for exhaustion purposes, Yeldon failed to state a cognizable claim. A claim under § 1983 will succeed only if the plaintiff shows that, while the defendant was acting under color of state law, the defendant deprived the plaintiff of a right guaranteed by the Constitution or laws of the United States. *See Rodriguez v. Phillips,* 66 F.3d 470, 473 (2d Cir.1995). Yeldon's allegations do not rise to the level of a constitutional violation because: (1) he did not allege he suffered physical injury as a part of his emotional distress claim, and thus the Eighth Amendment was not implicated, *see Liner v. Goord,* 196 F.3d 132, 134 (2d Cir.1999) (stating that the PLRA requires a prior showing of physical injury when claiming emotional distress); and (2) although this Court has not specifically held that inmates do not have a liberty or property interest in attending the funeral of a relative, it has held that inmates do not have a liberty interest in participating in analogous "Family Reunion" programs, through which they receive conjugal visits from their spouses, *see Champion v. Artuz,* 76 F.3d 483, 486 (2d Cir.1996) (per curiam).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.