Hannon v. Schulman and Associates

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand sixteen.

Present:
>            ROSEMARY S. POOLER,
>            ROBERT D. SACK,
>                 *Circuit Judges,*
>            KATHERINE POLK FAILLA.*
>                 *District Judge.*

_____

Michael Hannon,

>            *Plaintiff-Appellant*,

>            v.                                                                    15-2132

Schulman and Associates, Sued in
Official/Individual Capacity, Sydney T. Shulman,
Sued in Official/Individual Capacity, Scott Semple,
Sued in Official/Individual Capacity, Inmate Legal
Assistance to Prisoners, Sued in Official/Individual
Capacity,

>            *Defendants-Appellees*.

_____

_____

* Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

Appearing for Appellant:                         Michael Hannon, pro se, Somers, Connecticut.

Appearing for Appellees:                     No appearance.

Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Appellant Michael Hannon, proceeding pro se, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint. Hannon sued Schulman and Associates, Sydney Schulman, Commissioner of Corrections Scott Semple, and Inmate Legal Assistance to Prisoners, alleging that he had been denied legal assistance. The court dismissed sua sponte pursuant to 28 U.S.C. §1915A, ruling that only Semple could be held liable under § 1983 because the other defendants were not state actors, and that the complaint did not allege either Semple's personal involvement or any legal action that had been prejudiced by the alleged unlawful conduct. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's sua sponte dismissal. *Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Upon de novo review, we conclude that the district court properly dismissed Hannon's claims and, except as noted below, we affirm for substantially the reasons stated by the district court in its thorough June 1, 2015 decision.

We agree with Hannon that the dismissal of his official capacity claims against Semple was erroneous because Hannon sought declaratory and injunctive relief.   *See Mary Jo C. v. New York State and Local Ret. Sys.*, 707 F.3d 144, 166 (2d Cir. 2013). This error does not require remand, however, because the district court properly ruled that Hannon did not state a claim for relief.

We have considered all of Hannon's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3