19-1727-pr
*Green v. Semple et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty.

PRESENT:   JOSÉ A. CABRANES,
           RAYMOND J. LOHIER, JR.,
           SUSAN L. CARNEY,
                     *Circuit Judges.*

_____

COURTNEY GREEN,

               *Plaintiff-Appellant*,

           v.                                                    19-1727-pr

SCOTT SEMPLE, ROLLIN COOK, CARLETON GILES, RICHARD SPARACO, OTERO, PAROLE OFFICER,

               *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:        Courtney Green, pro se, Somers, CT.


FOR DEFENDANTS-APPELLEES:       Steven R. Strom, Assistant Attorney General; Clare Kindall, Solicitor General, *for* William Tong, Attorney General, State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Charles S. Haight, Jr., *Judge*, of the United States District Court for the Southern District of New York, sitting by designation).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 10, 2019 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Courtney Green ("Green"), proceeding pro se, appeals from a judgment of the District Court dismissing *sua sponte* his action under 42 U.S.C. § 1983. While incarcerated, Green sued various Connecticut corrections and parole officers, alleging that his equal protection rights were violated by the implementation of a parole-eligibility policy that treated him differently than Johnny Johnson, who Green alleges was a similarly situated inmate.

The District Court concluded that Green failed to plausibly allege that he (Green) and Johnson were similarly situated; indeed, the District Court explained that, "based on the commission dates of the inmates' crimes, the Defendants have implemented the appropriate policy to distinguish between inmates whose rights have been repealed, such as [Green], from those whose rights cannot be denied *ex post facto*, such as Johnson." *Green v. Semple*, No. 3:19-CV-410 (CSH), 2019 WL 2016779, at *8 (D. Conn. May 7, 2019).[1] Accordingly, the District Court dismissed Green's complaint for failure to state an equal protection claim pursuant to 28 U.S.C. § 1915A. The instant appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint under 28 U.S.C. § 1915A. *See Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pro se submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted).

A plaintiff who does not allege that he belongs to a particular class or group may prevail on an equal protection claim under a "class of one" theory by plausibly alleging that he was "intentionally treated differently from others similarly situated and that there is no rational basis for

---

[1] "The Constitution forbids the passage of *ex post facto* laws, a category that includes '[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'" *Peugh v. United States*, 569 U.S. 530, 532-33 (2013) (quoting *Calder v. Bull*, 3 U.S. 386, 390 (1798)).

the difference in treatment." *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The similarly-situated comparator must be "prima facie identical" to the plaintiff; put another way, "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and . . . the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (internal quotation marks omitted).

On review, we affirm the judgment of dismissal for substantially the reasons given by the District Court in its thorough May 7, 2013 screening order dismissing the case with prejudice, *see Green*, 2019 WL 2016779, at *1-8, as well as its order denying Green's motion for reconsideration, *Green v. Semple*, No. 3:19-CV-410 (CSH), 2019 WL 2358023, at *1-3 (D. Conn. June 4, 2019).

## CONCLUSION

We have reviewed all of the remaining arguments raised by Green on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 10, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court