24-575-pr
*Smith v. Hochul*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> DENNY CHIN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

Ken Smith,

> *Plaintiff-Appellant*,

v.                                                                                            24-575

Kathy Hochul, Governor of New York, Daniel F. Martuscello, Commissioner of DOCCS, Molly Wasow Park, Commissioner of DSS/DHS,

*Defendants-Appellees.*\*

_____

FOR PLAINTIFF-APPELLANT:                    Ken Smith, pro se, Malone, NY.

FOR DEFENDANTS-APPELLEES:               No appearance.


Appeal from a judgment of the United States District Court for the Northern District of New York (Anne M. Nardacci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff Ken Smith, presently incarcerated in New York and proceeding pro se, brought a 42 U.S.C. § 1983 complaint alleging that a prisoner counselor informed him he would be subject to the residency restrictions of New York's Sexual Assault Reform Act ("SARA"), N.Y. Exec. Law § 259-c(14), upon his eventual release on parole. Contending that the residency restrictions often substantially delay the post-parole release of indigent defendants from New York City,[1] Smith challenged the sources of delay as unlawful. He

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

[1] As relevant here, SARA restricts certain offenders from residing within 1,000 feet of a school upon release from custody. Because many New York City homeless shelters fall within the excluded zone, the New York State Department of Corrections and Community Supervision maintains a waiting list for inmates seeking SARA-compliant shelter beds. *See generally People ex rel. Johnson v. Superintendent, Adirondack Corr. Facility*, 36 N.Y.3d 187 (2020) (describing SARA and the waiting list).

2

sought damages from the named defendants—the Governor of New York, and the commissioners of both New York State's Department of Corrections and Community Supervision and New York City's Department of Social Services—as well as injunctive relief.

Significantly, Smith did not allege that he had been paroled, or that he was currently subject to the restrictions, as he will not be parole-eligible until February 2025. Instead, he based his claim on the likelihood that he would at some point be granted parole and required to wait for a shelter bed.

Because Smith filed in forma pauperis and sought redress from a government employee, the district court screened the complaint, *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), and dismissed it without prejudice for lack of standing and as unripe. The court emphasized that the dismissal was without prejudice to Smith's filing of a new action when he can establish standing and ripeness. Smith appealed. We assume the reader's familiarity with the remaining facts, procedural posture, and issues, to which we refer only as necessary to explain our decision.

We have reviewed the complaint and conducted de novo review, *see BMG Monroe I, LLC v. Vill. of Monroe*, 93 F.4th 595, 600 (2d Cir. 2024), and we affirm for substantially the same grounds identified by the district court. We add only a few comments of our own.

3

First, a plaintiff bears the burden of demonstrating Article III standing for all forms of relief. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). But Smith's damages claim is based on harm that has not yet occurred, and a "mere risk of future harm" does not confer standing to bring a damages claim absent a separate, concrete harm. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435–37 (2021). Smith alleged suffering from anxiety and loss of hope caused by knowing he might be subject to the restrictions. But a prisoner generally may not bring a federal lawsuit for emotional injuries suffered in custody absent a prior showing of physical injury. *See* 42 U.S.C. § 1997e(e); *Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999).

Second, regarding injunctive relief, we liberally construe Smith's submissions as alleging that he falls into the category of offenders subject to SARA's residency restrictions. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (*per curiam*).[2] But he has not been granted parole and may not be paroled in the near future. Accordingly, we agree with the district court that his claim is premature at this time. *See*

---

[2] The complaint does not state plainly that Smith is actually a covered offender, and he provides sparse information about his offense—an omission of some significance, because the residency restrictions apply only to inmates serving a sentence for "various enumerated sex offenses, when the victim of the offense was under the age of 18 at the time of the offense or . . . the defendant has been designated a level three sex offender." *Johnson*, 36 N.Y.3d at 196 (citing N.Y. Exec. Law § 259-c(14)). Smith appears to be serving a sentence on at least one enumerated offense, but does not plead whether he is a level three sex offender or that his victim was a minor. Nevertheless, we infer from the information allegedly provided by the prison counselor that he will be covered by SARA.

*Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687–92 (2d Cir. 2013) (discussing factors relevant to constitutional and prudential ripeness).

Because we affirm, we leave in place the district court's determination that Smith may bring a renewed action if he finds himself subjected to (or on the verge of being subjected to) the SARA residency restrictions in the future. We do not decide at this time, however, whether that claim would be cognizable under 42 U.S.C. § 1983, in whole or in part, or whether it instead should be raised via a petition for a writ of habeas corpus.

We have considered Smith's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5