James HARVEY, Plaintiff,

v.

Robert F. HORAN, Jr., Commonwealth's Attorney County of Fairfax, Defendant.

Civil Action No. 00–1123–A.

United States District Court, E.D. Virginia, Alexandria Division.

Sept. 29, 2000.

Lisa Bondareff, Kemler Zwerling & Kemler, Alexandria, VA, for plaintiff.

Jack Lewis Gould, Fairfax, VA, for defendant.

## ORDER

BRYAN, District Judge.

This matter is before the court on defendant's motion to dismiss, pursuant to Fed. R.Civ.P. 12(b)(6). Upon consideration of the parties' submissions and for the reasons set forth below, it is hereby

ORDERED that:

Defendant's motion to dismiss is DENIED.

### Discussion

The plaintiff, James Harvey, was convicted of rape and forcible sodomy on April 30, 1990 after a jury trial in Fairfax County Circuit Court. Conventional serology testing on the items recovered from the rape kit revealed the presence of spermatazoa on the victim's mouth smear, vaginal smear, thigh smear and in two swab samples. Spermatazoa was also detected on the victim's pantyhose. Neither plaintiff nor his co-defendant, who was also convicted, could be excluded as a result of the serology testing. The plaintiff was sentenced to twenty-five years for the rape and fifteen years for forcible sodomy. Although the court granted the plaintiff an extension of time until January 24, 1991 to file a petition for appeal, he did not do so.

Alleging that a failure to order DNA testing on the biological evidence constituted a deprivation of due process, the plaintiff filed a 42 U.S.C. § 1983 action against the Governor of Virginia in this court on February 25, 1994. Upon the court's ruling that the plaintiff should refile his § 1983 claims as a petition for writ of habeas corpus, plaintiff did so, alleging that the Governor had refused to order the DNA test which could prove plaintiff's innocence. The court dismissed plaintiff's petition on July 25, 1995, pursuant to Va. Code Ann. § 8.01–654(B)(2), finding that plaintiff had failed to fully exhaust state remedies, as required by this code section.

In 1996, in an effort to locate the biological evidence, the Innocence Project, on plaintiff's behalf, contacted the Virginia Division of Forensic Science. In response to the request, director Dr. Paul Ferrara recommended that the evidence be requested from the Fairfax County Commonwealth's Attorney's office. In February 1998, the Innocence Project contacted Ray Morrogh, a Commonwealth's Attorney for Fairfax County, with a request for assistance in locating the biological evidence. The Innocence Project alleges that Mr. Morrogh never responded to the request for assistance. In July 1999, the Innocence Project made another request to Todd Sauders, Assistant Commonwealth's Attorney for Fairfax County. Mr. Saunders stated in an October 1999 letter that in his opinion, if that one of the perpetrators of the rape did not ejaculate, as plaintiff contends happened, and plaintiff was excluded as the contributor of the genetic material this would not prove the plaintiff's innocence and his case did not warrant post-conviction DNA testing. However, plaintiff insists that the victim identified him at trial as the first assailant. He contends that the victim testified that the first assailant did ejaculate and that the second assailant did not ejaculate.

The plaintiff asserts that he is a perfect candidate for post-conviction DNA testing, contending that the results could provide exculpatory results, which could be a basis for proving innocence. The plaintiff concedes that the results could also be inconclusive or could demonstrate his guilt. The plaintiff argues that the remedy he seeks, performing the DNA tests, does not require his release nor does it invalidate his outstanding criminal judgment.

Plaintiff alleges in his current complaint, brought pursuant to 42 U.S.C. § 1983, that the defendant, Commonwealth's Attorney Horan, acting under color of state law, has deprived him of his constitutional rights. Plaintiff's claims for relief are: (1) that the defendant has deprived plaintiff of due process under the Fourteenth Amendment by refusing to search for and provide the evidence for DNA testing; (2) that by refusing to provide the evidence for DNA

testing, defendant has deprived plaintiff the opportunity to show he is innocent, in violation of the Fourteenth and Fifth Amendments; (3) that by refusing to search for and provide the evidence for DNA testing plaintiff cannot make a truly persuasive showing of innocence, in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment; (4) that by refusing to search for and provide the evidence for DNA testing, the plaintiff is deprived of his right to present evidence of innocence before a court or pardon board in violation of the Confrontation and Compulsory Process Clauses of the Sixth Amendment; (5) that by refusing to search for and provide the evidence for DNA testing, defendant has deprived plaintiff of the opportunity to litigate his claim that he is innocent, effectively denying him access to the courts in violation of the Fourteenth and First Amendments; and (6) that defendant has deprived plaintiff of availing himself of the opportunity to seek clemency, which violates the constitutional rights articulated in *Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).

The plaintiff is seeking equitable relief including a search for and release of the biological evidence including the rape kit, reference samples of the co-defendant, as well as the panty hose and maroon shirt found at the rape scene, and that this evidence be transferred to Dr. Paul Ferrara for DNA testing.

The defendant has moved to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). Defendant asserts that since the gravamen of plaintiff's claim is that he was wrongfully convicted, the claim is in the nature of a request for habeas relief although it is couched in terms of § 1983. The defendant contends that because plaintiff's claim is substantively the same as his prior habeas claim, it should be dismissed for failure to exhaust state remedies. As the defendant notes, leave of court is necessary to file a successive or second petition, which plaintiff has not done. Further, the defendant contends that plaintiff is barred under either the one-year statute of limitations for a claim for habeas corpus relief or the two-year bar in Virginia for § 1983 claims. The defendant argues that plaintiff has not alleged that defendant did anything violative of the plaintiff's rights, and therefore has failed to state a claim. Just because plaintiff alleges that Mr. Horan is responsible for formulating policies with respect to DNA testing of evidence, the defendant argues that plaintiff has made no claim that the biological evidence at issue was not tested because of the defendant's policy, and, thus does not constitute a claim against the defendant. Defendant also contends that plaintiff received procedural due process after two trials, an opportunity to appeal and other lawsuits seeking the same type of relief he is currently seeking. The defendant argues there was no violation of substantive due process when the Assistant Commonwealth's Attorney disagreed with plaintiff's request for post-conviction DNA testing.

The plaintiff contends that his request is not in the nature of a writ of habeas corpus because he is not seeking immediate or more speedy release. Nor does he necessarily demonstrate the invalidity of his conviction, so therefore, the plaintiff appropriately brought this action under § 1983. The plaintiff concedes that his rape conviction may indeed be valid; he merely requests access to and testing of the biological evidence in order to determine if it is exculpatory. The plaintiff also asserts that defendant Horan is a proper defendant because he is responsible for formulating the policy relating to access to evidence and because of the instruction the defendant has provided his assistant attorneys in this case. The plaintiff argues that the statute of limitations has not run because each denial of access to the biological evidence constitutes an ongoing constitutional violation and the statute of limitations does not begin to run until the violation ends. The plaintiff alleges that he has also stated a claim for deprivation of substantive due process.

584

The court rejects the defendant's argument that the plaintiff has filed, in effect, a petition for writ of habeas corpus with its requirement of exhaustion of state remedies. The plaintiff does not seek immediate release from prison and disclaims any challenge to his conviction at this time, conceding that the DNA tests may show his conviction was valid. The denial by the Commonwealth's Attorney, to whom Virginia authorities have directed persons acting on plaintiff's behalf, of access to possibly exculpatory evidence states a claim of denial of due process and gives this court jurisdiction under 42 U.S.C. § 1983, which, unlike a petition for writ of habeas corpus, has no exhaustion requirement. If the evidence turns out to be exculpatory, it may support a state petition for writ of habeas corpus, the timeliness of which can be addressed by the state court at that time.

### Conclusion

For the foregoing reasons, the defendant's motion to dismiss is denied.