Thomas PITERA, Plaintiff–Appellant,

v.

Phyllis MINTZ et al., Defendants–
Appellees.

Docket No. 02–6108.

United States Court of Appeals,
Second Circuit.

Jan. 24, 2003.

Thomas Pitera, White Deer, PA, pro se.

Marta Ross, Assistant Corporation Counsel, New York City Law Department, New York, NY, for Appellee Phyllis Mintz.

PRESENT: VAN GRAAFEILAND, KEARSE, and PARKER, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 24th day of January, two thousand and three.

Plaintiff-appellant Thomas Pitera, *pro se,* appeals from an order of the United

States District Court for the Eastern District of New York (Reena Raggi, *Judge* ), *sua sponte* dismissing his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Pitera, *pro se,* filed a complaint pursuant to § 1983 and *Bivens* [1] against Phyllis Mintz, Assistant District Attorney for Kings County, and an unnamed employee of the United States Attorney's Office for the Eastern District of New York, alleging that the defendants failed to turn over certain pieces of physical evidence (a .22 handgun, a .22 rifle and scope, a suitcase, a .357 magnum, a ski mask, and a scarf), in violation of his due process rights, in order to conduct forensic tests. Pitera alleged that he had a constitutional right to have access to this physical evidence upon request, that the defendants were not protected by qualified immunity, and that they should be held liable in their individual capacities for knowingly violating the law. In addition to monetary relief, Pitera requested that the District Court order the defendants to provide him with the physical evidence for the limited purpose of conducting ballistic and DNA testing.

The District Court *sua sponte* dismissed Pitera's complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).[2] Specifically, the District Court found that Pitera's due process right to review physical evidence that

may have been exculpatory, material to his defense, or used by the prosecutor in its case in chief, were scrupulously protected at his criminal trial, noting that the court had granted numerous defense requests for the appointment of forensic experts and the testing, including ballistics testing, of various items of physical evidence. Citing *Pitera v. United States,* 2000 WL 33200254 (E.D.N.Y. Dec.21, 2000), *aff'd Pitera v. United States,* No. 01–2057 (2d Cir. Aug. 29, 2001), the District Court further held that Pitera's requests for relief pursuant to Fed.R.Crim.P. 33 and 28 U.S.C. § 2241 had already been rejected. The District Court also concluded that, to the extent Pitera based his due process claim on *Harvey v. Horan,* 119 F.Supp.2d 581 (E.D.Va.2000) (rejecting motion to dismiss § 1983 suit against County Attorney for failing to grant request for DNA testing of biological evidence from rape trial), that decision had been reversed by the Fourth Circuit, *Harvey v. Horan,* 278 F.3d 370 (4th Cir.2002), supporting the conclusion that Pitera had no due process right of access to the physical evidence in his criminal case outside the context of that case or a collateral challenge thereto. Finally, the District Court held that to the extent Pitera sought to compel the defendants to provide him with the guns and other physical evidence for testing, such relief would be unwarranted even in a collateral challenge to his conviction because Pitera failed to demonstrate either that such testing would reveal exculpatory

---

1. In *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that, although § 1983 only authorizes actions against state officials, the same type of action may be pursued against federal officials, where the plaintiff has suffered a deprivation of a constitutional right.

2. Section 1915A(b)(1) provides that a complaint shall be dismissed if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted...." 28 U.S.C. § 1915A(b)(1). Pitera also filed a motion to recuse Judge Raggi from the case, contending that he may have to call Judge Raggi as a pivotal witness at a future trial. The District Court denied the motion as moot in light of its dismissal of Pitera's complaint.

evidence or that he was unable to conduct such testing at trial.

Pitera filed a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e), arguing that: (1) he was not given access to the physical evidence enumerated in his complaint during his criminal trial; (2) his motion to recuse Judge Raggi should be renewed; (3) the District Court lacked authority to dismiss his complaint as frivolous pursuant to § 1915A(b)(1); and (4) his case was distinguishable from *Harvey* because, in *Harvey*, the defendant had been given access to the physical evidence at trial, whereas Pitera had not. Pitera also filed a motion requesting discovery. The District Court denied Pitera's motion for reconsideration for the reasons stated in its order dismissing the complaint, and further denied his request for discovery because the court adhered to its initial ruling dismissing the case.

Pitera filed a timely notice of appeal, arguing that the District Court erred in *sua sponte* dismissing his complaint because: (1) the physical evidence had been suppressed, and the Government had failed to turn it over to him during his criminal trial and, therefore, it constituted newly discovered evidence; (2) he had a right to test the physical evidence under the Due Process Clause; and (3) Judge Raggi improperly dismissed his complaint before a ruling had been made on the recusal motion.

Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, among other things, the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1). A complaint is frivolous when it "is based on an indisputably meritless legal theory" or "lacks an arguable basis in law." *Liv-ingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998). We review § 1915A dismissals *de novo*. *Liner v. Goord*, 196 F.3d 132 (2d Cir.1999).

The District Court properly dismissed the complaint pursuant to § 1915A. With respect to Pitera's arguments that the physical evidence he requests was not provided to him at trial, and that he had a constitutional right to conduct forensic testing, the District Court properly concluded that Pitera was afforded all the due process rights to which he was entitled during his trial, more than ten years ago. We have already affirmed the denial of Pitera's collateral challenge to his conviction. *See Pitera v. United States*, No. 01–2057 (2d Cir. Aug. 29, 2001). Indeed, Pitera has uncovered nothing that, had it been disclosed at trial, would likely have resulted in a different outcome, nor has he demonstrated how DNA testing today would produce a different result.

The District Court also correctly rejected Pitera's argument that Judge Raggi should have recused herself. We review the denial of a recusal motion for abuse of discretion. *See Aguinda v. Texaco, Inc.*, 241 F.3d 194, 200 (2d Cir.2001) (citations omitted). The District Court properly denied Pitera's recusal motion as moot, as the complaint had already been dismissed. The District Court did not abuse its discretion in denying Pitera's recusal motion.

We have considered the appellant's remaining contentions and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.