Timothy W. STYLES, Plaintiff–
Appellant,

v.

Kenneth L. McGINNIS, Director, MDOC; War Memorial Hospital; Dr. Charles Gosling; Warden Patricia Caruso; Mike Sibbald; Sally Hopkins; Steven Colvin; Joe Colvin; Richard Johnson; Richard Stapleton; Marty Frey; T. Polzien, In their official and individual capacities, Defendants–Appellees.

No. 00–1415.

United States Court of Appeals,
Sixth Circuit.

Dec. 26, 2001.

---

Before BOGGS, GILMAN, and BRIGHT *, Circuit Judges.

## OPINION

PER CURIAM.

Timothy W. Styles appeals *pro se* from the district court's judgment dismissing his 42 U.S.C. § 1983 claims asserting a sexual assault conspiracy among two prison guards and an emergency room doctor. The district court, adopting the report and recommendation of the magistrate judge, dismissed the action against the prison guards on the basis that Styles did not sustain a physical injury as required for his proposed action. The court granted summary judgment in favor of the doctor, determining that he was not a state actor. Styles appeals. We **REVERSE** as to the guards and **AFFIRM** as to the doctor.

Styles, incarcerated at a Michigan prison, received emergency medical services at the War Memorial Hospital. Styles has a history of heart problems, including heart by-pass surgery in February 1997. On December 21, 1997, Styles complained to prison guards of chest pain. Prison officials transported him by ambulance to the hospital emergency room. He alleged that Dr. Charles Gosling, with the assistance of two prison guards, sexually assaulted him in violation of his Eighth Amendment rights by performing a digital rectal exam on Styles with severe force and without consent.

As we have noted, the district court dismissed Styles's claims against the two prison guards, Steve Colvin and Joe Colvin, and granted summary judgment in favor of Dr. Gosling.[1] The district court

---

* The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. The court also determined that Styles did not qualify for equitable relief because of his transfer to another facility. We note that Styles has abandoned his claims for equitable relief as well as his due process and retalia-

tion claims because he failed to address these issues in his briefs on appeal. *See Thurman v. Yellow Freight Sys., Inc.,* 90 F.3d 1160, 1172 (6th Cir.1996). The district court also dismissed claims against the hospital and various other prison officials. Styles does not appeal those determinations.

determined that Styles did not allege a sufficient injury under 42 U.S.C. § 1997e(e), and that he failed to show that Dr. Gosling was a state actor.

Styles argues that the district court erred in granting summary judgment to Dr. Gosling on the basis that Dr. Gosling was not a state actor. We review an award of summary judgment *de novo*. *See Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir.1995).

 A private individual acts under color of state law, *inter alia*, when "he has acted together with or has obtained significant aid from state officials." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). The district court determined that Dr. Gosling did not qualify as a state actor.[2] As the district court noted:

> Dr. Gosling had no contractual relationship with the state through the [Michigan Department of Corrections] MDOC or through the Chippewa County War Memorial Hospital. Dr. Gosling was not employed by the state or any governmental agency. Dr. Gosling provided emergency staffing services to the hospital as an independent contractor.... Under these circumstances, Dr. Gosling could not be considered a state actor for purposes of 42 U.S.C. § 1983.

*Styles v. McGinnis*, 2:99–CV–010 (filed March 31, 2000). We agree with the district court that Dr. Gosling did not become a state actor. *See Lugar*, 457 U.S. at 941–42.

Styles also argues that the district court erred in dismissing his claim against Steve Colvin and Joe Colvin on the basis that he had presented insufficient evidence of physical injury under 42 U.S.C. § 1997e(e).[3] Styles alleges that Steve Colvin and Joe Colvin held him down while Dr. Gosling subjected him to the involuntary rectal examination.

 We review the district court's dismissal of Styles's § 1983 claim *de novo*. *See Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291, 296 (6th Cir.1993). We analyze the sufficiency of the injury under Eighth Amendment standards. *See, e.g., Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). "[T]he Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* However, "[t]he absence of serious injury, while relevant to the inquiry, does not preclude relief." *Id.*

 The record indicates that Styles had a history of serious cardiac problems justifying his presence in the emergency room with complaints of angina. Dr. Gosling contends that he performed a medically necessary rectal examination and that Styles consented to it. Styles argues that the exam was not necessary and he did not consent to it. Styles alleged that the two prison guards held him so that Dr. Gosling could conduct the exam.

The record supports Styles's claim of injury as the rectal examination resulted in increased blood pressure, chest pain, tachycardia, and numerous premature ventricular contractions. In these circumstances, Styles's allegation of injury sur-

---

**2.** Dr. Gosling also raised the issue of qualified immunity. We need not reach that issue because we determine that Dr. Gosling was not a state actor.

**3.** Section 1997e(e) provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

vives a motion to dismiss under § 1997e(e). *See Sealock v. Colorado*, 218 F.3d 1205, 1210 & n. 6 (10th Cir.2000) (holding heart attack sufficiently serious to establish an Eighth Amendment violation); *Liner v. Goord*, 196 F.3d 132, 135–36 (2d Cir.1999) (holding that a claim of sexual abuse established a physical injury).

Accordingly, we **AFFIRM** the district court's dismissal of Dr. Gosling on the grounds that his conduct was not that of a state actor for § 1983 purposes, and we **VACATE** the district court's dismissal of Styles's claims against defendants Steve Colvin and Joe Colvin. We **REMAND** for further proceedings on those claims.